UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS HIGGINS,

                                                   Plaintiff,              Case # 19-CV-473-FPG

v.                                                                           DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                   Defendant.
_____

## INTRODUCTION

Plaintiff Thomas Higgins brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 10. For the reasons that follow, the Commissioner's motion is DENIED, Higgins's motion is GRANTED, and this case is remanded to the Commissioner for further proceedings.

## BACKGROUND

In September 2015, Higgins applied for DIB with the Social Security Administration ("the SSA"). Tr.[1] 75. He alleged disability since September 2013 due to several lower-back problems, including lumbar disc herniations, lumbago, and sciatica. *Id.* On April 10, 2018, Administrative Law Judge Mary Mattimore ("the ALJ") issued a decision finding that Higgins was not disabled.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 4.

1

Tr. 15-25.  On February 14, 2019, the Appeals Council denied Higgins's request for review.  Tr. 1-4.  This action seeks review of the Commissioner's final decision.  ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id.* § 404.1520(c).  If the

claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Higgins's claim for benefits under the process described above. At step one, the ALJ found that Higgins had not engaged in substantial gainful activity since the alleged onset date. Tr. 17. At step two, the ALJ found that Higgins has several severe lower-back

impairments. Tr. 17-18. At step three, the ALJ found that his impairments do not meet or medically equal any Listings impairment. Tr. 18.

Next, the ALJ determined that Higgins retains the RFC to perform sedentary work with additional restrictions. *Id.* At step four, the ALJ found that Higgins cannot perform his past relevant work. Tr. 24. At step five, the ALJ found that Higgins can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 24-25. Accordingly, the ALJ concluded that Higgins is not disabled. Tr. 25.

## II. Analysis

Higgins challenges, *inter alia*, the manner in which the ALJ evaluated the opinions of independent medical examiner Marc Bergeron, M.D. ECF No. 8-1 at 24-25. Specifically, Dr. Bergeron issued four opinions relating to Higgins's lower-back problems. In three of those opinions—from May 2015, August 2016, and January 2017—Dr. Bergeron identified as one functional limitation that Higgins "should be allowed to sit, stand, and walk as tolerated." Tr. 449, 721, 739. Higgins understands this to mean that he needed the freedom to change position "at will." ECF No. 8-1 at 24. Although the ALJ claimed to give Dr. Bergeron's opinions "great" and "significant" weight, and despite identifying this restriction in the decision itself, she did not incorporate it into the RFC. *See* Tr. 18, 22-23. Higgins argues this constitutes error. The Court agrees.[2]

As a general matter, "the ALJ is not obligated to reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006), and there is no "absolute bar to crediting only portions of medical source opinions." *Younes v. Colvin*, No. 14-CV-170, 2015 WL 1524417, *8 (N.D.N.Y. Apr. 2, 2015). Yet, where the ALJ's

---

[2] Because the Court finds remand appropriate on this ground, it need not address Higgins's other arguments. The Court's order should not be taken as an endorsement of the remainder of the ALJ's decision.

"RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Dioguardi*, 445 F. Supp. 2d at 297. Accordingly, an ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions. *See Phelps v. Colvin*, No. 12-CV-976, 2014 WL 122189, *4 (W.D.N.Y. Jan. 13, 2014) ("The selective adoption of only the least supportive portions of a medical source's statements is not permissible" (internal quotations and brackets omitted)); *Caternolo v. Astrue*, No. 11-cv-6601, 2013 WL 1819264, at *9 (W.D.N.Y. Apr. 29, 2013) ("[I]t is a fundamental tenet of Social Security law that an ALJ cannot pick and choose only parts of a medical opinion that support his determination." (internal quotations omitted) (collecting cases)).

Here, the ALJ failed to provide any explanation for omitting the restriction that Higgins "should be allowed to sit, stand, and walk as tolerated." As Higgins points out, the inclusion of this restriction might have changed the outcome of the case, as the vocational expert testified that the restriction might lead to too much time off-task. *See* Tr. 63-65. Under the circumstances, it was incumbent upon the ALJ to explain the manner in which she weighed and credited this portion of Dr. Bergeron's opinions. And while the ALJ was certainly free to credit only portions of those opinions, that is not what she purported to do: she instead claimed that she gave the opinions significant and great weight. *See* Tr. 22-23.

The Commissioner offers several counterarguments, including that because Dr. Bergeron did not explain the meaning of the phrase "as tolerated," the phrase could be construed as consistent with the ALJ's RFC determination. *See* ECF No. 10-1 at 23. However, the Court cannot affirm the decision on the grounds the Commissioner articulates, as the ALJ never discussed those grounds in her decision. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 234 (N.D.N.Y. 2012) (stating that a court may not adopt the Commissioner's *post hoc* rationalizations for agency action).

In short, the absence of explanation constitutes error and compels remand. *Accord DiFrancesco v. Comm'r of Soc. Sec.*, No. 18-CV-376, 2020 WL 467720, at *3 (W.D.N.Y. Jan. 29, 2020) (concluding that ALJ erred where, "despite acknowledging [the medical source's] opinion about [claimant's] need to use a cane for balance, the ALJ failed to incorporate those findings into the RFC and did not explain his decision for failing to do so"); *Badaszewski v. Comm'r of Soc. Sec.*, No. 18-CV-796, 2020 WL 486376, at *3 (W.D.N.Y. Jan. 30, 2020) ("An explanation is necessary to . . . ensure that an ALJ does not simply cherry pick evidence supporting his ultimate conclusion. The ALJ did not offer any explanation when he adopted some portions of [the medical source's] opinion and implicitly rejected others. That constitutes error."). On remand, the ALJ should clarify the basis for her decision and/or further develop the record.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED and Higgins's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 8, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court